HOUSTON, EAST & WEST TEXAS RAILWAY COMPANY v. P. R. CRUSE. (No. 1422.) (Court of Civil Appeals of Texas. Beaumont. July 10, 1926. Rehearing Denied Oct. 13, 1926.) Appeal from Liberty County Court; C. R. Wilson, Judge. Stevens & Stevens, Garrison & Watson, and Baker, Botts, Parker & Garwood, all of Houston, for appellant. P. C. Matthews, of Liberty, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, Cruse, in the county court of Liberty county, against appellant, Houston, East & West Texas Railway Company, to recover damages to a shipment of cattle from Cleveland, Tex., to Fort Worth, Tex., on December 27, 1924. The shipment, consisting of 29 steers, was delivered to appellant by appellee at Cleveland, in Liberty county, about 11:30 p. m. on December 27, 1924, to be transported by appellant to Fort Worth, Tex., by way of Houston. The steers were all in one car. The facts show that this car of steers arrived at Houston between 1 and 2 o'clock on the same night that they were shipped, and the next morning about 8 o'clock they were unloaded and placed in pens in Houston. At the time they were unloaded there, one of them was in a dying condition, and died very shortly after being unloaded, and 13 others were badly bruised and lacerated. They

were reloaded at Houston, and carried on to Fort Worth, reaching there on the morning of December 30th; but seven more of them were dead, and another so badly injured as to be absolutely worthless, and others so badly injured that they were rendered of less value than they would have been, had they been transported by appellant within a reasonable time and handled with proper care. The grounds of negligence alleged by appellee were that the shipment was unreasonably delayed, that the car in which the steers were placed was improperly bedded, and that the steers were roughly handled during the switching operations in Houston. Appellant answered by a general denial, and especially answered that the death of and damage to the steers was due to the fact that they were improperly loaded by appellee and his agents at Cleveland, in that too many of them were put in one car, and that the caretaker that accompanied the shipment was guilty of negligence, in that he failed to punch the steers up when they would get down in the car.

The case was tried with a jury, and was submitted upon special issues, in response to which the jury found that appellant was guilty of negligence in all respects as alleged by appellee, and further found that the car was not overloaded, and also found that the caretaker was not guilty of negligence, and further found in favor of appellee for $928. Upon the verdict as returned, judgment was entered in favor of appellee for $928, and appellant has prosecuted this appeal. We shall not write any protracted opinion in disposing of this appeal, for the reason that no novel legal questions are presented, and a written opinion would serve no useful purpose. Briefly stated, the evidence shows without contradiction that these steers were fine animals—that is, large, fat, gentle steers—and had been fed for three months before shipment; that when they were unloaded in Houston, as we have stated, most of them were terribly bruised and lacerated, and one of them practically dead. The appellee saw them about the time they were unloaded, and, speaking of their condition, he testified: "I was surprised and sickened at the sight of them." It is remarkable that so many of this bunch of steers were killed and most of the others so badly injured in a shipment of such short distance. We find in appellant's brief in this case 57 assignments of error, under which it submits some 18 propositions. These challenge the form of the issues submitted to the jury, the ruling of the court upon evidence, and refusal to submit certain special issues requested by appellant, and to the insufficiency of the evidence to sustain some of the jury's findings. Some of these propositions present correct abstract propositions of law, and under some circumstances this court would feel called upon to reverse the judgment; but, as we view the undisputed facts in this record, there was no error committed by the trial court that was prejudicial to appellant, and therefore we decline to reverse this judgment. Judgment affirmed.